OPINION OF THE COURT — by the
Hon. I. R. NICHOLSON.
This case is brought before us by an appeal from the circuit court of Amite county. The words laid in the declaration are: that Mary Norman, wife of Thomas Norman, the plaintiff, “got drunk on Christmas day,” and the declaration concludes — contrary to the statute in such case made and provided.
It was contended by the counsel for the plaintiff that these words were actionable, as at common law; because drunkenness is punishable by a fine of one dollar for each offence, and imprisonment if the convict is unable to pay the fine. .
If this principle be correct, it will equally-apply toa case of profane swearing; and an individual who should say that a person cursed or swore, would be liable to an action of slander..
I am satisfied that this doctrine cannot prevail, and that the words laid in this declaration are not actionablé at common law. It is also defective under the statute.
To support an action under the statute, all the circumstances and allegations must be set forth in the declaration; and it is not sufficient to say: contrary to the.statute in such case made and provided — 1 Chitty, 356-7. The declaration ought to describe the wrong or injury, as it is found in in the statute, viz: that the words, “from their usual construction and common acceptation, were words of insult, and lead to violence.”
The court.below erred in not sustaining the demurrer for the second cause, as set forth; and, for this reason, the judgment below must be revised, the cause remanded, with leave to amend, and a venire de novo awarded.
The counsel for the defendants contended that it should have been al- *389 Ieged, in the declaration, that the words were spoken in the presence or hearing of the individual of whom they were spoken. Athough it may not be necessary to decide this point, in the present case ; yet it may be well enough to inform the counsel that we think there is nothing in it.
All the judges concurred.
(Vide case of Farrington & Wife vs. Davis, 1827.)